Electronically Filed
1/20/2015 10:34:23 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NO. C-0262-15-J

RECEIVED

FEB 3 - 2015

CLAIMS LEGAI

| | | |
|---|---|---|
| ARIEL GARZA D/B/A ROLO'S STORE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ariel Garza d/b/a Rolo's Store, Plaintiff, complaining of and against Scottsdale Insurance Company, Defendant, and files this Plaintiff's Original Petition, and for cause of action would respectfully show to the Court as follows:

1.    Plaintiff intends that discovery be conducted pursuant to Level 3.

2.    Plaintiff is a natural person residing in Hidalgo County, Texas.

3.    Defendant Scottsdale Insurance Company is an insurance company conducting business within the State of Texas. Because Scottsdale Insurance Company does not have an attorney for service listed, the company can be served with process by serving the Commissioner of Insurance, Julia Rathgeber, located at 333 Guadalupe, Austin, Texas, 78714 in accordance with §804.201 of the Texas Insurance Code. The Commissioner can then forward the citation to Michael Miller, President, Scottsdale Insurance Company, 8877 N. Gainey Center Dr., Scottsdale, AZ 85258.

4.    Venue is proper in Hidalgo County, because all or a substantial part of the acts and/or omissions complained of occurred in Hidalgo County, Texas. In the alternative, this is a suit on a fire insurance policy applicable to property situated in Hidalgo County, Texas.

5.    Plaintiff is the owner of a building located at 4504 W Monte Cristo Rd, Suite A,

EXHIBIT

B

Electronically Filed
1/20/2015 10:34:23 AM
Hidalgo County District Clerks.
Reviewed By: Priscilla Rivas

C-0262-15-J

Edinburg, Texas 78541.   The building is insured under an insurance policy issued by Defendant, to wit: policy number CPS1553488. The insurance policy is in full force and effect, and Plaintiff had timely paid all premiums on such policy.   Plaintiff's building suffered damage from a hailstorm and windstorm occurring on April 20, 2012.   The insurance policy issued by Defendant included coverage to Plaintiff's building for various perils, including damage from hail and windstorm.  Plaintiff submitted his claim to Defendant, including allowing Defendant to inspect Plaintiff's building.  On September 12, 2014, Plaintiff submitted his complete claim to Defendant, including an estimate for repairs, to Defendant for payment.  Defendant has not accepted liability on Plaintiff's demand, nor has Defendant paid Plaintiff's claim.  Defendant has, therefore, rejected Plaintiff's claim.

6.     Plaintiff has a legally valid contract with Defendant, to wit: policy number CPS1553488.  Defendant breached the contract by failing to pay Plaintiff's covered claim, and by failing timely to reject or pay Plaintiff's claim.  Plaintiff has suffered injury and damages as a direct and proximate result of Defendant's breach of contract.

7.     Plaintiff is a "person" within the meaning of Tex. Ins. Code §541.002(2). Defendant is engaged in the business of insurance. Defendant engaged in the following acts and/or practices which violated Chapter 541, Tex. Ins. Code:

a.     failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim once the insurer's liability is reasonably clear;

b.     failing to affirm or deny coverage within a reasonable time;

c.     refusing to pay a claim without conducting a reasonable investigation; and

d.     misrepresenting to the insured a material fact or policy provision.

Each of the foregoing acts and/or omissions were a direct and producing cause of

Electronically Filed
1/20/2015 10:34:23 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0262-15-J

Plaintiff's damages.

8.    Defendant engaged in violations of Chapter 541, Tex. Ins. Code, knowingly and/or intentionally.

9.    Plaintiff is a "consumer" within the meaning of Tex. Bus. & Comm. Code §17.45.

10.    Defendant is an insurance company against whom a DTPA ("Deceptive Trade Practices Act") claim can be asserted.

11.    Defendant committed the following false, misleading or deceptive acts or practices constituting violations of the DTPA:

    a.    violations of Chapter 541, Tex. Ins. Code as enumerated herein; and

    b.    representing that services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities which they do not have.

Defendant's commission of the false, misleading or deceptive acts was a direct and producing cause of Plaintiff's damages herein.

12.    Defendant engaged in violations of the DTPA knowingly and/or intentionally.

13.    Defendant violated the "Prompt Payment Act" with respect to Plaintiff's insurance claim. Plaintiff gave proper notice of his claim to the insurer. The insurer is liable for the claim. Defendant violated Chapter 542, Tex. Ins. Code., by:

    a.    failing timely to accept, reject, or extend time to determine the claim; and

    b.    failing timely to pay the claim.

14.    As a direct, proximate and/or producing result of Defendant's conduct as alleged herein, Plaintiff has suffered the following injuries and damages:

    a.    loss of benefit of the bargain damages;

    b.    economic damages from failure to pay Plaintiff's property damage claim;

    c.    mental anguish damages

Electronically Filed
1/20/2015 10:34:23 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0262-15-J

Plaintiff's damages are within the jurisdictional limits of this Court, for which he now sues.

15.     As a result of Defendant's violation of the Prompt Payment Act, Plaintiff is entitled to actual damages, plus a statutory penalty of 18% per year on all unpaid amounts owed on Plaintiff's claim.

16.     Plaintiff has employed an attorney to prosecute his claims, and has incurred reasonable and necessary attorney's fees in the prosecution of his claim. Plaintiff seeks an award of reasonable and necessary attorney's fees on his claim, including reasonable and necessary future attorney's fees in the event of an appeal to the Court of Appeals and/or Texas Supreme Court.

17.     Plaintiff has complied with the notice provisions of Tex. Ins. Code §541.154(a), Tex. Bus & Comm. Code ann. §17.505(a), and Chapter 38, Tex. Civ. Prac. & Rem. Code.

18.     Plaintiff brings this declaratory judgment action, pursuant to Chapter 37, Tex. Civ. Prac. & Rem. Code, to determine the rights, status and legal relations between Plaintiff and Defendant, including:

        a.      that Plaintiff has complied fully with all provisions of policy number CPS1553488, including all provisions relating to submission of his claim for hail damage;

        b.      that policy number CPS1553488 provides coverage for damage to Plaintiff's building arising from hail;

        c.      that policy number CPS1553488 was in full force and effect on April 20, 2012;

        d.      that the damage occurring to Plaintiff's building on April 20, 2012, was

Electronically Filed
1/20/2015 10:34:23 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-0262-15-J

caused by hail; and

e.    that Plaintiff has not breached any provision of policy number CPS1553488.

19.    Plaintiff has incurred reasonable and necessary attorney's fees to bring this action. Pursuant to Tex. Civ. Prac. & Rem. Code ann. §37.009, Plaintiff seeks an award of all costs and reasonable and necessary attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court cite Defendant to appear and answer herein, and upon final hearing of this matter, that the Court render judgment in favor of Plaintiff, and against Defendant, for: compensatory damages, statutory penalty damages, declaratory relief, attorney's fees, costs of court, pre- and post-judgment interest at the highest lawful rate, and for all such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**GUERRA LAW GROUP, PLLC**
4201 North McColl Road
McAllen, Texas 78504
Telephone: (956) 618-3000
Telecopier: (956) 686-4200
Email: efilings@guerralawgroup.com

By:    /s/ David J. Lumber
           David J. Lumber
           State Bar No. 24002504
**ATTORNEY FOR PLAINTIFF**

IN RE:

HIDALGO HAIL

COMMERCIAL

CLAIM LITIGATION

§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

HIDALGO COUNTY, TEXAS

___TH JUDICIAL DISTRICT COURT

### STANDING PRETRIAL ORDER CONCERNING
### HIDALGO COUNTY COMMERCIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for commercial property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.   This Order shall be affective and apply to all lawsuits filed in the District Courts of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to commercial property caused by the 2012 hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for commercial property (the "Commercial Insurance Carrier"); and

B.   Immediately upon the signing of this order, the District Clerk is hereby Ordered to post this Order on the district courts' web site.

C.   Any attorney for any Plaintiff Insured who is aware of this Order shall attach a copy of this Order to the Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

D.   Within one hundred (120) days after the Commercial Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the Mediation Order (Exhibit "A") to the Standing Pretrial Order. If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

E.   Immediately upon the filing of the Commercial Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after an impasse letter from a mediator or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a

particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an impasse letter from a mediator or a party's termination of the abatement period. If a party elects to participate in mediation or any other provision of this Order or elects to opt out of the abatement, such actions alone will not affect any parties' statutory or contractual rights.

F.  Furthermore, within 120 days of the filing of the Commercial Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the commercial property, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Commercial Insurance Carrier and Adjusting Company's claim file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claims); payment ledger, payment log and/or proof of payment from the Commercial Insurance Carrier; a copy of the insurance policy in effect at the time of the hail claim(s); and the non-privileged portions of the underwriting file. If the Commercial Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Commercial Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 120 day time period. The Commercial Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to this Order. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence. Within, 180 days of filing of the Insurance Carrier's original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to any business interruption claim and/or loss of business income claim, to the extent same exists, including the following: Lost Profits information, Inventory Loss List with values, food loss, Lost Business Expense information and documentation, Accounts Receivable information (if any), Business expense information, accounting and financial information and documentation applicable to determining Lost Profits, Business Loss, or Loss of Business Income.

G.  Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant

designates the consultant as a retained testifying expert and does not properly designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Commercial Insurance Carrier.

H.   Once a mediation date and mediator are agreed to by all parties, the Commercial Insurance Carrier and other Defendants shall be permitted to inspect the property involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Commercial Insurance Carrier and other Defendants may have a re-inspection of the property with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

I.   The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

J.   Upon the expiration of the abatement period applicable to the case, within 30 days the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

K.   The Court shall set a Status Conference to occur on each case under this Order 220 days from the date the Original Petition was filed or the date of this Order, whichever is later, and provide written notice to all parties of the date and time of the Status Conference.

Signed this _____ day of _____, 2013.


93rd District Court, Judge Rudy Delgado


139th District Court, Judge Roberto Flores


206th District Court, Judge Rosa Guerra Reyna


275th District Court, Judge Juan Partida                    *(signatures continued on next page)*

332ⁿᵈ District Court, Judge Mario E. Ramirez, Jr.

370ᵗʰ District Court, Judge Noe Gonzalez

389ᵗʰ District Court, Judge Letty Lopez

430ᵗʰ District Court, Judge Israel Ramon, Jr.

398ᵗʰ District Court, Judge Aida Salinas Flores

92ⁿᵈ District Court, Judge Ricardo Rodriguez, Jr.